SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

JOSEPH TACOPINA DEFINED BENEFIT PLAN :
and JOSEPH TACOPINA, Trustee of the Joseph :
Tacopina Defined Benefit Plan,                          :          **SUMMONS**
                                                        :
                                                        :          Index No.
                     Plaintiffs,                        :
                                                        :          Plaintiff designates
                                                        :          New York County
          -against-                                     :          as the place of trial.
                                                        :          The basis of venue
                                                        :          is the county in which the
GUIDED PROFESSIONAL SOLUTIONS LLC,  :          claim arose.
                                                        :
                     Defendant.                         :
                                                        :
-------------------------------------------------------------X

*To the above-named Defendant(s):*

        You are hereby summoned and required to serve on plaintiffs an answer to the
complaint in this action within twenty days after the service of this summons, exclusive
of the day of service, or within thirty days after service is complete if this summons is not
personally delivered to you within the State of New York. In case of your failure to
answer, judgment will be taken against you by default for the relief demanded in the
complaint.

        The basis of the venue designated is CPLR § 503(a).

Dated:  New York, New York
        September 15, 2020

                                        Yours, etc.,

                                        TACOPINA, SEIGEL & DeOREO

                                        By _____
                                            Matthew G. DeOreo, Esq.
                                            275 Madison Avenue, 35th Floor
                                            New York, New York 10016
                                            Tel:    (212) 227-8877
                                            Fax:   (212) 619-1028
                                            *Attorneys for Plaintiffs*

1

TO:

**GUIDED PROFESSIONAL SOLUTIONS LLC**
1000 South Avenue, Suite 103
Staten Island, NY 10314

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
JOSEPH TACOPINA DEFINED BENEFIT PLAN and
JOSEPH TACOPINA, Trustee of the Joseph Tacopina
Defined Benefit Plan,

                  Index No.

            *Plaintiffs,*

   – against –                  **COMPLAINT**

GUIDED PROFESSIONAL SOLUTIONS LLC,

            *Defendant.*
------------------------------------------------------------------X

       Plaintiffs Joseph Tacopina Defined Benefit Plan (the "Plan") and Joseph Tacopina, Trustee

of the Plan ("Tacopina"), by and through their attorneys, Tacopina, Seigel & DeOreo, complaining

of Defendant Guided Professional Solutions LLC ("GPS" or "Defendant") herein, alleges as follows:

## INTRODUCTION

      1.     This action arises from the clear breaches of GPS's fiduciary duty owed to Plaintiffs

with respect to the Plan, and GPS's blatant failure to fulfill its clear and unambiguous promises to

Plaintiffs, all of which injured Plaintiffs in an amount of at least $1.6 million.

      2.     As detailed below, while serving as a fiduciary of Plaintiffs, GPS (a) failed to secure

a third-party administrator, on behalf of Plaintiffs, in order to dissolve the Plan; (b) failed to warn

or advise Plaintiffs that Plaintiffs could face substantial excise tax penalties and compelled

contributions with interest if the Plan were not terminated; (c) continued to perform services for the

Plan for an additional 3-year period, collecting fees along the way while incurring increasing

liabilities on behalf of Plaintiffs in the process; and (d) failed to fulfill an expressed promise made

to Plaintiffs to secure a third-party administrator to dissolve the Plan.

3.      Additionally, regardless of the existence of a fiduciary duty, GPS was duty bound to fulfill its expressed promise to Plaintiffs that Defendant would find a new third-party administrator for the Plan in order to dissolve the Plan, and Plaintiffs need not worry about that issue.

4.      However, Defendant utterly failed to perform its promise, which has caused Plaintiffs to suffer substantial financial harm.

## PARTIES

5.      The Plan is an employee defined benefit plan, based in New York, for certain employees of Joseph Tacopina, P.C., d/b/a Tacopina, Seigel & DeOreo (the "Firm"), which resides in and has a principal place of business in New York County, New York.  At least one employee-beneficiary of the plan is a resident of New York County, New York.

6.      Tacopina is an individual and the Trustee of the Plan, and resides in the State of Connecticut.

7.      GPS is a limited liability company organized under New York law with its principal place of business in Richmond County, New York.  Christopher R. Rubano ("Rubano") is the Managing Partner of GPS and was the principal of GPS who committed the acts and made the omissions detailed herein on behalf of himself and GPS.

2

## VENUE

8.　　Venue is proper because New York is the county in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

9.　　Venue is also proper because the Plan, the Firm and at least one employee-beneficiary of the Plan reside in New York County.

## STATEMENT OF FACTS

10.　　GPS has served as a financial advisor and fiduciary for Plaintiffs for numerous years and assisted Plaintiffs with the day-to-day operations of the Plan. Defendant served in those roles until approximately February 2020.

11.　　During the relevant time period, Defendant provided Plaintiffs with extensive financial advice and Plaintiffs relied upon Defendant's touted expertise in the area of defined benefit plans.

12.　　In this regard, Defendant has held itself out as a leaders in "forward thinking" and "smart planning" financial services. Indeed, Defendant touted its abilities to, among other things: (a) "evaluate" qualified plans; (b) "calculate retirement plan benefits"; (c) "explain how to best utilize employer benefits"; (d) help "manage retirement plan tracking and maintenance: contributions made, contribution limits, GUST amendments, profit sharing tax forms (5500), etc."; and (e) "provide proactive follow up on action items."

13.　　In fact, Defendant had discretion in handling the Plan's investments, and Plaintiffs wholly relied upon the trust and confidence that they had in Defendant as well as the resulting superiority and influence that Defendant had over the Plan.

3

14.     Plaintiffs entrusted Defendant to perform core financial advisory tasks critical to the operation of the Plan, such as: (a) managing monies contributed into the Plan; (b) making discretionary investment decisions in respect of the Plan; (c) facilitating distributions in respect of the Plan; (d) providing oversight to the Plan's administration; and (e) coordinating with the third-party administrator.

15.     In or around the fall of 2016, Plaintiffs expressed to Defendant their (Plaintiffs') clear intention to dissolve the Plan. Shortly thereafter, on October 10, 2016, Defendant received a letter from Defined Benefit Services, the Plan's third-party administrator, terminating its administrative services in respect of the Plan.

16.     Subsequently, in or around spring 2017, Plaintiffs specifically asked that Defendant to dissolve the Plan, to which Defendant responded by expressly promising that Defendant would find a new third-party administrator in order to dissolve the Plan, and Plaintiffs need not worry about this issue.

17.     Defendant's relationship with Plaintiffs went well beyond the role of a mere investment advisor. Defendant was a fiduciary of Plaintiffs.

18.     Defendant's fiduciary relationship was evidenced by, *inter alia*, its promise that it would secure a third-party administrator, on behalf of Plaintiffs, in order to bring the Plan compliant.

19.     Without that necessary step, the Plan could not be dissolved. Thus, Defendant's breach of its assumed fiduciary duty prevented the Plan's termination.

20.     The assumed fiduciary duty of Defendant and its promise detailed above are evidenced in emails with Defendant. The Firm's former office manager, Jane Anderson ("Anderson"), emailed Rubano on May 31, 2017, inquiring: "Hi Chris, Any luck with finding a new

4

administrator for the Defined Benefit Plan?"

21. Later that day, in response to the query, Tacopina's former accountant, John Tapinis ("Tapinis")(who recommended GPS to Tacopina, and with whom GPS has a professional relationship), emailed the following to Anderson, while copying GPS: "Jane, Chris and I have talked about this. He [Rubano] will be recommending someone soon."

22. Thereafter, on October 4, 2017 and January 8, 2018, Anderson, in emails copying GPS, sought an update regarding his efforts to find a new third-party administrator for the Plan. Then, on January 19, 2018, Anderson again sent an email to GPS and Tapinis, which stated: "Chris/John, I'm following up on the below emails from October and then from January 8th. Can we please have an update? Is there anything I can be doing on my end?" Soon thereafter, Tapinis sent a reply email, copying GPS, which advised: "Jane, Chris and I have been back and forth on this and will have an answer shortly. Thanks for the follow up."

23. The proceeding emails establish that Defendant, despite having ample opportunity, never once refuted that it was searching for a new third-party administrator on behalf of Plaintiffs. That is because it promised to do so.

24. The proceeding emails also establish that when Anderson expressly asked whether there was anything she could do to assist in finding a new third-party administrator, on behalf of Plaintiffs, neither GPS nor Tapinis responded in any way that would have led her (and thus Plaintiffs) to believe that GPS was not continuing to assume the obligation.

25. To make matters worse, rather than ensuring the Plan was properly terminated, Defendant continued to make investment decisions and perform administrative functions in respect of the Plan.

5

26.     Thus, despite Defendant's extensive knowledge concerning the Plan's deficiencies, it continued to perform services for the Plan for an additional 3-year period, collecting fees along the way while incurring increasing liabilities on behalf of Plaintiffs in the process.

27.     Specifically, during this 3-year period, Defendant never once warned or advised that Plaintiffs could face substantial excise tax penalties and compelled contributions with interest if the Plan were not terminated.

28.     During this period, Plaintiffs reasonably relied upon Defendant's clear and unambiguous promise to find a new third-party administrator in order to dissolve the Plan, to their detriment by unknowingly incurring tax penalties and compelled contributions that would not have been incurred had Defendant satisfied its obligations to Plaintiffs.

29.     Such reliance was reasonable and foreseeable to Defendant because of Defendant's expertise in defined benefit plans and its touted abilities as detailed above.

30.     Specifically, Plaintiffs suffered damages of at least $1,672,814, comprising IRS excise tax penalties of at least $268,796 as well as compelled contributions and interest payments of at least $1,404,018.

31.     Plaintiffs would have avoided such liabilities had Defendant properly discharged its duties and responsibilities owed to Plaintiffs, and fulfilled its expressed promise to Plaintiffs.

6

## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

32.     Plaintiff repeats and realleges the Paragraphs above as if fully set forth herein.

33.     As demonstrated above, Defendant was a fiduciary of Plaintiffs because, *inter alia*,
Defendant:

(a)     Assumed an additional responsibility when it promised that it would secure
a third-party administrator, on behalf of the Plan and its trustee, Tacopina, in order to dissolve the
Plan;

(b)     Had discretion in handling the Plan's investments, and Plaintiffs wholly relied
upon the trust and confidence they had in Defendant as well as the resulting superiority and influence
that Defendant had over the Plan; and

(c)     Performed core financial advisory tasks critical to the operation of the Plan,
such as: (i) managing monies contributed into the Plan; (ii) making discretionary investment
decisions in respect of the Plan; (iii) facilitating distributions in respect of the Plan; (iv) providing
oversight to the Plan's administration; and (v) coordinating with the third-party administrator.

34.     As demonstrated above, Defendant breached its fiduciary duty to Plaintiffs by, *inter
alia*:

(a)     Failing to secure a third-party administrator, on behalf of Plaintiffs, in order
to dissolve the Plan;

(b)     Failing to warn or advise that Plaintiffs could face substantial excise tax
penalties and compelled contributions with interest if the Plan were not
terminated;

7

Case 1:20-cv-08620-LGS    Document 1-1    Filed 10/15/20    Page 10 of 12

(c)  Continuing to perform services for the Plan for an additional 3-year period, collecting fees along the way while incurring increasing liabilities on behalf of Plaintiffs in the process; and

(d)  Failing to fulfill its expressed promise to Plaintiffs.

35.  These breaches were continuing until the day that Defendant stopped serving as a fiduciary and financial advisor of Plaintiffs.

36.  Due to such breaches, Plaintiffs suffered damages of at least $1,672,814, comprising IRS excise tax penalties of at least $268,796 as well as compelled contributions and interest payments of at least $1,404,018.

37.  Plaintiffs demand judgment against Defendant in an amount to be determined at trial, but no less than $1,672,814, and the interest, cost and disbursements pursuant to this cause of action, and such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Promissory Estoppel)

38.  Plaintiff repeats and realleges the Paragraphs above as if fully set forth herein.

39.  As detailed above, in or around spring 2017, Plaintiffs specifically asked that Defendant dissolve the Plan, to which Defendant responded by expressly promising that Defendant would find a new third-party administrator to dissolve the Plan, and Plaintiffs need not worry about this issue.

40.  Plaintiffs reasonably relied upon this clear and unambiguous promise of Defendant, and it was clearly foreseeable to Defendant that Plaintiffs would so rely upon that promise.

8

41.     Plaintiffs reasonably relied upon this promise to their detriment because due to the fact that a third-party administrator was never found and the Plan was thus not terminated, Plaintiffs suffered damages of at least $1,672,814, comprising IRS excise tax penalties of at least $268,796 as well as compelled contributions and interest payments of at least $1,404,018.

42.     Such reliance was reasonable and foreseeable to Defendant because of Defendant's expertise in defined benefit plans and its touted abilities as detailed above.

43.     The failure to perform this promise was continuing until the day that Defendant stopped serving as a fiduciary and financial advisor of Plaintiffs.

44.     Plaintiffs demand judgment against Defendant in an amount to be determined at trial, but no less than $1,672,814, and the interest, cost and disbursements pursuant to their causes of action, and such other and further relief as the Court deems just and proper.

9

**WHEREFORE**, Plaintiffs demand judgment as follows:

A.      On Plaintiff's First Cause of Action, Plaintiffs' actual damages in an amount to be determined at trial.

B.      On Plaintiff's Second Cause of Action, Plaintiffs' actual damages in an amount to be determined at trial.

C.      The costs and disbursements of this action.

D.      Prejudgment interest.

E.      Such other and further relief as deemed just and proper by this Court.

Dated: New York, New York
        September 15, 2020

                            Yours, etc.,

                            TACOPINA, SEIGEL & DeOREO

            By:     _____
                            Chad Seigel, Esq.
                            Matthew G. DeOreo, Esq.
                            275 Madison Ave., Fl. 35
                            New York, New York 10016
                            Tel: (212) 227-8877

10